UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORDAN SILVER,<br><br>    Plaintiff,<br><br> - against -<br><br>AMERICAN BROADCASTING COMPANIES, INC.,<br><br>    Defendant. | Civil Action No.<br><br><br>**COMPLAINT** |

**M A D A M S/S I R S:**

    Plaintiff JORDAN SILVER ("Silver"), by his attorneys, JAFFE & ASHER LLP, as and for his Complaint against defendant AMERICAN BROADCASTING COMPANIES, INC. ("ABC"), alleges as follows:

## SUMMARY OF THE ACTION

    1. This is a wage and hour claim under the Fair Labor Standards Act and New York Labor Law for ABC's failure to pay Silver overtime wages.

## THE PARTIES

    2. Silver is an individual residing at 17 Surrey Lane, Bethpage, NY 11714.

    3. At all times hereinafter mentioned, ABC was, and still is, a corporation organized under the laws of the State of Delaware, with its principal place of business located at 77 West 66th Street, New York, NY 10023.

1

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court under 28 U.S.C. §1331 because the action is brought under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

5. This Court has supplemental jurisdiction over the claims brought under the New York Labor Law ("NYLL") because they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is laid under 28 U.S.C. §1391(b) & (c) because ABC resides in the Southern District of New York and a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE FACTS

7. Silver began working for ABC in or about March 2003 as an independent contractor.

8. In or about May 2003, ABC hired Silver under a contract of employment.

9. In or about 2006, ABC changed Silver's employment status to a full time, salaried, at-will employee.

10. Without explanation, in or about 2006, ABC classified Silver as an employee who was exempt from overtime pay.

11. Without explanation, effective on or about January 1, 2014, ABC classified Silver as non-exempt from overtime pay, switched him to an hourly rate of pay, and started paying him overtime.

12. In or about August 2014, ABC terminated Silver.

13. From 2009 through 2013, ABC scheduled Silver to work 45 hours per workweek.

14. From 2009 through 2013 (except during permitted time off), Silver worked 45 hours or more per workweek.

15. During his entire term of employment, Silver worked in ABC's digital media department where he posted news stories on the internet.

16. Silver did not exercise independent judgment and discretion in performing his job duties.

17. From 2009 through 2013, ABC paid Silver a fixed salary, paid in biweekly increments, in the following amounts:

- 2009:    $68,118.95
- 2010:    $67,052.77
- 2011:    $68,383.69
- 2012:    $66,210.57
- 2013:    $67,092.42

18. From 2009 through 2013, ABC did not pay Silver any overtime premiums for hours worked in excess of forty (40) per workweek.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §201 et seq.)

19. Plaintiff repeats and realleges each and every allegation set forth above.

20. Throughout the statute of limitations period covered by these claims, Silver regularly worked in excess of forty (40) hours per workweek.

21. Throughout the statute of limitations period covered by these claims, ABC willfully, regularly and repeatedly failed to pay Silver at the required overtime rates, one and a half times his regular rate for hours worked in excess of forty (40) hours per workweek.

22. Silver seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (New York Minimum Wage Act, NYLL §650 et seq.)

23. Plaintiff repeats and realleges each and every allegation set forth above.

24. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

4

25. ABC willfully, regularly and repeatedly failed to pay Silver at the required overtime rate of one and a half times his regular rate for hours worked in excess of forty (40) hours per workweek.

26. As a direct and proximate result of ABC's unlawful conduct as set forth herein, Silver has sustained damages, including loss of earnings, in an amount to be established at trial, including liquidated damages, pre-judgment interest, costs, and attorneys' fees, pursuant to NYLL §663.

### AS AND FOR A THIRD CLAIM FOR RELIEF
(New York Notice Requirements, NYLL §§195, 198)

27. Plaintiff repeats and realleges each and every allegation set forth above.

28. ABC did not provide Silver with the statements required by NYLL §195.

29. As a result of ABC's unlawful conduct, Silver is entitled to an award of damages pursuant to NYLL §198, in amount to be determined at trial, pre-judgment and post-judgment interest, and attorneys' fees and costs as provided for by NYLL §663.

**WHEREFORE**, plaintiff JORDAN SILVER demands judgment against defendant AMERICAN BROADCASTING COMPANIES, INC. as follows:

A. An award of overtime pay;

B. Liquidated damages for unpaid overtime;

C. Penalties available under applicable laws;

D. Attorneys' fees, including fees under applicable statutes;

   E. Costs of action incurred herein;

   F. Pre-judgment and post-judgment interest as provided by law; and

   G. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
   July 17, 2015

            Respectfully submitted,

            JAFFE & ASHER LLP

            By: s/Rocco Luisi, Esq.
              Rocco Luisi, Esq.
            Attorneys for Plaintiff
            JORDAN SILVER
            600 Third Avenue, 9th Floor
            New York, New York 10016
            (212) 687-3000
            rluisi@jaffeandasher.com